**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Perry Cain, et al., ) | No. CIV 05-1659-PCT-SMM |
| Plaintiffs, ) | **ORDER** |
| v. ) | |
| City of St. Johns, et al., ) | |
| Defendants. ) | |

Pending before the Court is Defendants' Motion to Strike Plaintiffs' Notice of Service of Acceptance of Offer of Judgment/Acceptance of Offer of Judgment, Response to Plaintiffs' Acceptance of Offer of Judgment and Request for Expedited Hearing. (Dkt. 78 ) In an Order issued on February 22, 2007, the Court denied Defendants' Request for Expedited Hearing and ordered Plaintiffs to file a response to Defendants' Motion to Strike. (Dkt. 79) The Motion to Strike Plaintiffs' Notice of Service of Acceptance of Offer of Judgment/Acceptance of Offer of Judgment is now fully briefed and ready for disposition.

**BACKGROUND**

The facts relevant to the matter now pending before the Court are summarized as follows. Defendants served Plaintiffs with an Offer of Judgment on February 6, 2007 (the "February 6th Offer"). On February 12, 2007, Defendants filed notice indicating that they had revoked the February 6th Offer (Dkt. 72) and served Plaintiffs with another Offer of Judgment (the "February 12th Offer") (Dkt. 73). The critical difference between the offers is that the

February 6th Offer did not limit costs, which in a civil rights case includes attorneys' fees; the February 12th Offer of Judgment, however, did limit costs and attorneys' fees. Plaintiffs notified the Court on February 16, 2007, that they had accepted Defendants' February 6th Offer. (Dkt. 76)

## DISCUSSION

General principles of contract law apply to Rule 68 offers of judgment with one exception: any waiver or limitation of attorneys' fees in settlements of § 1983 cases must be clear and unambiguous. *Erdman v. Cochise County*, 926 F.2d 877, 880 (9th Cir. 1991). Rule 68 if silent as to whether a defendant can revoke an offer of judgment and courts considering this question have been divided. *Compare e.g. Richardson v. National R.R. Passenger Corp.*, 49 F.3d 760, 765 (D.C. Cir. 1995) (holding that a Rule 68 offer "is simply not revocable during the 10-day period); *with e.g. Colonial Penn Ins. Co. v. Coil*, 887 F.2d 1236 (4th Cir. 1989) (holding that a Rule 68 offer could be revoked if it is discovered that the offeree's fraudulent behavior induced the settlement offer). Plaintiffs contend that the Ninth Circuit previously held in *Erdman* that a Rule 68 offer is irrevocable. The Court disagrees. Most significant for purposes of resolving the instant motion is the fact that *Erdman* did not provide that Rule 68 offers are irrevocable for a period of ten days after the offer. Moreover, *Erdman* did not involve a situation, like the one presently before this Court, where a Rule 68 Offer was made and subsequently revoked prior to Plaintiff's acceptance. In *Erdman*, the issue before the Ninth Circuit was whether defendant's offer could be withdrawn *after* plaintiff's acceptance based on defendant's failure to expressly limit costs and attorney fees. 926 F.2d at 879. To date, the Ninth Circuit has not held that Rule 68 Offers are irrevocable for a period days after the offer is made. Therefore, the Court finds that the instant motion can be resolved by relying on basic contract principles.

Here, Defendants filed and served Plaintiffs with notice that the February 6th Offer had been revoked on February 12, 2007. Nonetheless, Plaintiffs accepted the February 6th Offer four days later- on February 16, 2007-- knowing that Defendants had revoked the offer. It is a well settled principle of contract law that an "offeree's power of acceptance is terminated

1  when the offeree receives from the offeror a manifestation of an intention not to enter into
2  the proposed contract." *Restatement (Second) of Contracts* § 42 (1981).  Moreover,
3  "[u]nilateral mistake is recognized as a ground for recission of an unexecuted contract.
4  *United States v. Jones*, 176 F.2d 278, 286 (9th Cir. 1949).  Plaintiffs power to accept the
5  February 6th Offer terminated as soon as Defendants expressly communicated their intent to
6  revoke the offer on February 12, 2007.  Thus, Plaintiffs acceptance of the February 6th Offer
7  is invalid as a matter of law.

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that Defendants' Motion to Strike Plaintiffs' Notice of Service of Acceptance of Offer of Judgment/Acceptance of Offer of Judgment (Dkt. 78) is **GRANTED.**

**IT IS FURTHER ORDERED** that the parties shall consult the Court's Order dated February 26, 2007, (Dkt. 79) for upcoming deadlines concerning pretrial filings.

DATED this 2nd day of April, 2007.

_____
Stephen M. McNamee
United States District Judge